IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARTMUT GRAEWE,**

      **Petitioner,**

v.                               **CIVIL ACTION NO. 2:10cv51**
                                                 **(Judge Maxwell)**

**JAMES N. CROSS, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On April 15, 2010, the *pro se* petitioner, Hartmut Graewe, an inmate at USP Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on April 19, 2010. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

The petitioner was one of seven defendants named in a seventy-four count sealed indictment issued in the United States District Court for the Northern District of Ohio on July 8, 1982. One of the co-defendants named in the indictment subsequently agreed to enter a plea bargain arrangement and testify against his alleged co-conspirators, Thereafter, a superceding indictment was returned on August 27, 1982. Because the trial was scheduled to commence within less than two weeks after the superceding indictment was issued, the petitioner's attorney filed a motion to continue the trial scheduled for November 5, 1982. The motion was denied and jury voir dire began on November 8, 1982. The trial lasted over a period of three months. Following six days of jury deliberation, the petitioner was convicted on a variety of charges relating to his participation in murder, narcotics distribution, and

1

gambling in the Cleveland, Ohio area. Specifically, the jury found the petitioner guilty of racketeering conspiracy, in violation of 18 U.S.C § 1962(d) (count 1); engaging in a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848 (count 2); aiding racketeering through interstate travel, in violation of 18 U.S.C. § 1952 (counts 3 through 21); possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (count 35); and using the telephone to facilitate a narcotics offense, in violation of 21 U.S.C. § 843(b) (counts 40 through 48, 50, 51, 53, 54, 55, 57, and 58). The petitioner was sentenced on April 7, 1983 to 20 years as to Count One, life imprisonment for Count Two concurrently, "and a total of 147 years to run consecutive to each other, but concurrent to Count Two, and 1 and 3 year special parole terms to run concurrent with Count Two. In sum, he was sentenced to life, plus 147 years, concurrent. (See 1:04cv0026, Doc 7, United States District Court for the Northern District of Ohio). On or about April 26, 1984, a notice of appeal was filed on behalf of all the named defendants. Each appellant raised the issue of whether the government adduced sufficient evidence to support his conviction. The petitioner's appeal further alleged, inter alia, that the court committed reversible error by failing to grant a 30-day continuance following the superseding indictment, claiming that the Federal Speedy Trial Act, 18 U.S.C. §§ 3161(c)(2) and 3161 (d)(1) required a new 30 days period after the superceding indictment. The Court of Appeals affirmed, in part, and reversed, in part, the district court's decision when it held that: (1) the evidence supported the convictions; (2) the appropriate period for defense preparation following superseding indictment is governed by the court's discretion and not by 30-day requirement of Speedy Trial Act; (3) it was prejudicial error to allow only 10 or 11 days to prepare a defense to RICO claim contained in superceding indictment; (4) denial of severance was not abuse of discretion; (5) failure to give Rule 105 limiting instructions was not error; (6) Hartmut Graewe had waived his right to be present at trial; and (7) defendants waived objections to off-the-record- "side bar" discussion but such discussion should have been recorded considering the recording mandate of Court Reporters. United States v. Gallo, 753 F.2d 1504 (6th Cir. 1985). Counsel for the petitioner, his brother Frederick (a/k/a "Fritz") Graewe and co-defendant Angelo Lonardo subsequently moved for a rehearing

2

in the Sixth Circuit. Upon review, the Circuit held that: "(1) one defendant convicted of continuing criminal enterprise was subject to Pinkerton liability; (2) another defendant was not subject to Pinkerton liability; (3) there was sufficient evidence to sustain conviction for aiding and abetting in interstate transportation of cocaine; and (4) defendant could be convicted for illegal use of telephone as an aider and abettor." United States v. Graewe, 774 F.2d 106 (6th Cir. 1985). As a consequence of this decision, the petitioner's conviction was affirmed in all respects. On January 13, 1986, the Supreme Court of the United States denied the petitioner's petition for writ of certiorari. Graewe v. United States, 474 U.S. 1068 (1986).

On January 7, 2004, the petitioner filed a "Petition for Writ of Extraordinary Relief in the Nature of Mandamus, Habeas Corpus-Audita Querela, Motion to Recall the Mandate, or Error Cora, Nobis/Vobis." In the petition, he alleged that his co-defendants had filed numerous challenges to their convictions under 28 U.S.C. § 2255 and received relief from their convictions for RICO and CCE as well as the lessor predicate offenses, but prior to ADEPA. The petitioner maintained that he was unable to do so because he had no effective assistance of counsel to represent him, and had no money to hire one. In addition, he noted that the law had not changed until 1996 and 1998. (See 1:04cv26, Doc. 1, p.16, United States District Court for the Northern District of Ohio). As grounds for relief, the petitioner alleged:

> 1. A new rule of law was announced by the Supreme Court in Richardson v. United States, 526 U.S. 813 (1999) and Rutledge v. United States, 517 U.S. 293 (1996).[1]
>
> 2. The same reasoning the Supreme Court used in Richardson and

---

[1]In Richardson, the Supreme Court held for the first time that a jury must unanimously agree on which specific violations constitute the "continuing series" of three or more predicate violations required to prove that a defendant engaged in a CCE. Moreover, the Richardson Court held that the district court erred by failing to instruct the jurors that the "violations" are themselves elements of the CCE and, therefore, the jury was required to agree unanimously about which three (or more) related drug crimes petitioner committed. In Rutledge, the Supreme Court affirmed a long standing rule in the Sixth Circuit, as articulated in United States v. Mohwish, 993 F.2d 123, 124 (6th Cir. 1993), that a defendant cannot be subjected to cumulative punishment for both conspiracy and a CCE violation, even if the conspiracy and CCE sentences run concurrently. (See 1:04cv26, Doc. 7, p. 6 United States District Court for the Northern District of Ohio).

3

Rutledge justifies setting aside his convictions for violating RICO and
Interstate Travel in Aid of racketeering (ITAR).

3. The Jury Service and Selection Act was violated because the number
of African-Americans on the grand jury was "six standard deviations"
less than statistically expected.

4. The refusal of the United States Bureau of Prisons (BOP) and the
United States Parole Commission to grant him any form of parole
hearing for 21 years amounts to cruel and unusual punishment.

5. He had ineffective trial counsel.

On March 19, 2004, the United States District Court for the Northern District of Ohio dismissed the petition for lack of subject matter jurisdiction. In so doing, the Court found that the proper remedy for the petitioner was a § 2255 petition, which the petitioner had acknowledged he had never filed. Moreover, following a discussion of Sixth Circuit law, the Court found that any discussion of the retroactive application of Richardson was foreclosed because the petitioner had not presented this issue for collateral review, and without construing his petition as a motion to vacate pursuant to § 2255, it would appear to be time barred.

### III. Claims of the Petition

In support of his § 2241 petition before this Court, the petitioner states three grounds for relief:

1. During jury instruction, the court added a violation of Title 18 U.S.C. § 2(b)
to those counts of the indictment, a violation not charged by the grand jury.

2. He is being unlawfully incarcerated for an invalid crime–actual innocence
claim.

3. He is being unlawfully confined for a violation of 21 U.S.C. 848 because
the 18 U.S.C. § 2(b) objects of the § 848 conspiracy is legally insufficient,
and the general verdict renders it impossible to say which object's the
jury relied on to convict him on Count 2 of the indictment.

Although the petitioner makes no specific claim for relief, it appears from a fair reading of the petition that he seeking to have his conviction invalidated, in least in part.

### IV. Analysis

4

**A. Lack of Jurisdiction**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his conviction. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 21 U.S.C. §§ 841(a)(1), 843 (b), 848 and 18 U.S.C. §§ 1952 and 1962(d) all remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and

he has improperly filed a §2241 petition.

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: 5-10-10

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE