IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARTMUT GRAEWE,**

   **Petitioner,**

v.            **CIVIL ACTION NO. 2:10cv51**
             **(Judge Maxwell)**

**JAMES N. CROSS, Warden,**

   **Respondent.**

## SUPPLEMENTAL REPORT AND RECOMMENDATION

### I. BACKGROUND

On April 15, 2010, the *pro se* petitioner, Hartmut Graewe, an inmate at USP Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. On May 10, 2010, the undersigned entered a Report and Recommendation that the petition be denied and dismissed with prejudice. On May 27, 2010, the petitioner filed written objections. Also pending is the petitioner's Motion to Amend together with his Proposed Amended Petition.

### II. AMEND PETITION

After setting the forth the factual background of his indictment and trial in the United States District Court for the Northern District of Ohio,[1] the petitioner makes the following claims in support of his petition:

1. His confinement is unlawful because of a constitutional error that occurred in his trial when

---

[1] A thorough recitation of the factual background of the petitioner's conviction is contained the undersigned's original Report and Recommendation. (Doc. 7).

1

the presiding judge constructively amended Count two of the petitioner's indictment through an instruction to the jury.

    2. He is being illegally and unlawfully confined for an invalid crime as charged in Count 2 of the indictment.

As relief, the petitioner seeks a hearing, and subsequent to the hearing, an order directing the respondent to release him from his unlawful confinement.

### III. Analysis

**A. Lack of Jurisdiction**

As the undersigned noted in his original Report and Recommendation filed May 10, 2010, prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Just as in his original petition, in his amended petition, the petitioner is not challenging the execution of his sentence, but instead is challenging his conviction. Again, the petitioner has not raised the savings clause, and again it is clear that he is not entitled to its application, because even if the petitioner satisfied the first and the third elements of Jones, violations of 21 U.S.C. §§ 841(a)(1), 843(b), 848 and 18 U.S.C. §§ 1952 and 1962(d) all remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's Motion to Amend (Doc. 6) be **GRANTED** and his attached amended §2241 petition be **DENIED and DISMISSED.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: 11-8-2010

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE