**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**HARTMUT GRAEWE,**

    Petitioner,

v.                                    **CIVIL ACTION NO. 2:10-CV-51
(BAILEY)**

**JAMES N. CROSS, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I.   Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Joel filed his R & R on May 10, 2010 [Doc. 7] and his Supplemental R&R [Doc. 9] on November 8, 2010. In the R&R's, the magistrate judge recommends this Court grant the petitioner's motion to amend and dismiss the amended § 2241 Complaint.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Joel's R & R were due within fourteen (14) days of receipt of the same. On May 27, 2010, the plaintiff filed objections to the original R & R [Doc. 7], which this Court will review *de novo*. The remaining portions will be reviewed for clear error. This Court notes that the petitioner did not file objections to the Supplemental R&R [Doc. 9].

## II.     Discussion

This Court has reviewed the plaintiff's Objections and finds nothing therein that addresses the legal conclusions contained in the magistrate's Report and Recommendation. To the extent that the "objections" may be applicable, this Court has considered them.

As the magistrate judge noted in his original Report and Recommendation filed May 10, 2010, prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 if he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28

U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See **In re Jones**, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Just as in his original petition, in his amended petition, the petitioner is not challenging the execution of his sentence, but instead is challenging his conviction. Again, the petitioner has not raised the savings clause, and again it is clear that he is not entitled to its application, because even if the petitioner satisfied the first and the third elements of **Jones**, violations of 21 U.S.C. §§ 841(a)(1), 843 (b), 848 and 18 U.S.C. §§ 1952 and 1962(d) all remain criminal offenses, and therefore the petitioner cannot satisfy the second element of **Jones**. Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241 petition. For the same reasons, this Court also must deny the petitioner's Second Amended Petition [Doc. 13].

### III. Conclusion

Accordingly, upon careful review of the above, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation and Supplemental Report and Recommendation **[Docs. 7 & 9]** should be, and the same are, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's reports. For the reasons stated above, the Objections **[Doc. 8]** are **OVERRULED**. As such, the petitioner's Motion to Amend his petition **[Doc. 6]** is hereby **GRANTED**; however, both plaintiff's original § 2241 petition **[Doc. 1]** and amended 2241 petition attached to Doc. 6 are **DENIED** and **DISMISSED**. Furthermore, after an independent review of the petitioner's Second Amended Petition **[Doc. 13]**, filed after both R&R's were filed, this Court **DENIES** the petition for the same reasons it denies the first two petitions. Accordingly, this Court **ORDERS** that this civil action be **STRICKEN** from the active docket of this Court and that judgment be entered for the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED:** January 14, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE